Jiménez et al., Appellants, *v.* Registrar of Aguadilla, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Voluntary Mortgage.

No. 302.—Decided January 25, 1917.

Mortgage—Record of Title—Curable Defect—Amount Secured.—Although a mortgage created on several properties affected by the same obligation cannot be recorded in the registry when the amount secured by each property is not determined in advance, the instrument may be admitted to record when it is stipulated that the debt shall be secured by the mortgaged properties in proportion to their areas, which are specified and the properties appraised for the purposes of the morgtage in the same amounts secured by them, but with the curable defect that the amount secured by each property is not stated in proper form; for the fixing of said amounts should not be left to the deduction of the registrar. The manner in which the defect may be corrected is defined in article 164 of the Mortgage Law Regulations..

Id.—Id.—Personal Status—Age, Status, Profession, and Residence of Parties—Curable Defect.—When the notary who attests a public instrument only certifies that "he personally knows the parties," without certifying to their age, status, profession, and residence, the registrar is justified in considering the said omission a curable defect for the purpose of recording the instrument.

The facts are stated in the opinion.

*Mr. Angel M. Torregrosa* for the appellants.

The respondent did not appear.

Mr. Justice del Toro delivered the opinion of the court.

On August 12, 1916, Guillermo Abreu and his wife exe-

cuted a voluntary mortgage in favor of Jorge Silva and Manuel Jiménez, and upon its being presented in the Registry of Property of Aguadilla, the registrar denied its admission to record because of "the incurable defect that it failed to specify clearly what part of the mortgage debt was secured by each of the mortgaged properties, or to state the amounts corresponding individually to Manuel Jiménez Serra and Jorge Silva y Sapia on each property." The registrar also assigned in his decision "the curable defect that the notary before whom the instrument was executed failed to certify to the age, profession and residence of the parties and whether they were single or married." From the registrar's decision Jiménez and Silva took the present appeal.

Let us first consider the ruling involving the incurable defect. Abreu admitted in the mortgage deed that he owed Jiménez and Silva one thousand dollars, or five hundred dollars to each, and to secure the same, together with interest and a further sum of two hundred dollars for costs, expenses and attorney fees in the event of foreclosure, executed a voluntary mortgage, in which his wife joined, in favor of his creditors on two tracts of land, which are duly described, one containing 53.50 and the other 4.50 *cuerdas*. "The mortgaged properties," the deed recites, "secure the debt, interest and costs in proportion to their areas, and the parties agree to value the same, exclusively for the purposes of this mortgage, at the same amounts which they secure. And it is agreed," the deed goes on to recite, "that neither creditor shall have preference over the other in the matter of recovery."

Article 119 of the Mortgage Law provides that—

"When a number of estates shall be mortgaged at the same time for a single credit, the amount or part of the charge to be borne by each shall be specified."

And its complement, article 164 of the Regulations, provides that—

"Registrars shall not record any mortgage on different properties subject to the same obligation, unless by agreement between the

parties or by a judicial order in a proper case, the amount which each estate is to secure shall be determined.

"The parties may stipulate the distribution mentioned in the preceding paragraph in the same deed which is to be recorded, or in another public instrument or petition addressed to the registrar, signed or ratified in his presence by the persons interested.

"The record in such cases shall be made in the form prescribed by article 252 of these regulations."

The appellants admit that the case is governed by the foregoing provisions and contend that they were complied with inasmuch as the deed shows "that if Abreu gave Jiménez and Silva a mortgage on two properties of 53.50 *cuerdas* and 4.50 *cuerdas,* respectively, as security in proportion to their area, as stipulated in the contract, for the payment of the sum of one thousand dollars, or five hundred dollars to each mortgagee, neither of the mortgagees to have preference over the other as to recovery, according to the fourth clause of the said deed, it follows logically that the larger property is security for the payment of $922.42 as principal, with interest thereon, and $184.48 for costs, while the smaller property secures only $77.58 as principal, with interest thereon, and $15.52 for costs, and that one-half of the sum of these amounts is due to Manuel Jiménez Serra and one-half to Jorge Silva Sapia, without any preference between them." On the other hand, the registrar understands "that the phrase 'secure the debt in proportion to their areas' is not sufficiently clear to determine accurately the part of the mortgage debt secured by the different properties, and that therefore, as it lacks this requisite, the deed cannot be recorded."

In our opinion the registrar is right in part. The deed is not as clear as it should be. The amount should be fixed by the contracting parties and not left to the deduction of the official charged with recording the instrument. But although this is true, it cannot be held that the parties have failed wholly to comply with the provision of the law and the regulations, as occurred in the case of *Ortiz* v. *Registrar of San Germán,* 16 P. R. R. 643, cited by the registrar. Hence

we are of the opinion that the defect should be considered curable and not incurable as held by the registrar. The article of the Mortgage Law Regulations which we have cited explains the manner in which the defect can be corrected.

As to the curable defect assigned by the registrar, we are of the opinion that it exists. Section 16 of the Notarial Act of 1906, now in force and effect, conclusively provides that notaries shall certify in public instruments executed before them not only that they know the parties but also their age, profession and residence, and whether they are married or single; and in this case the notary only certified that "he knew the parties personally."

In view of all the foregoing, the registrar is ordered to record the instrument with the curable defects pointed out.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.